IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DEVION WESTBROOK, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 2:20-cv-02353-TLP-tmp |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING AND DISMISSING MOTION UNDER 28 U.S.C. § 2255, DENYING CERTIFICATE OF APPEALABILITY, CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Devion Westbrook [1] moves under 28 U.S.C. § 2255 to vacate his sentence. (ECF No. 1.) And the Government responded. (ECF No. 5). For the reasons below, the Court **DENIES** and **DISMISSES** Petitioner's § 2255 Motion.

**BACKGROUND**

**I.     Criminal Case No. 17-20353**

In November 2017, a federal grand jury indicted Petitioner with one count of being a felon in possession of a firearm affecting interstate commerce, in violation of 18 U.S.C. § 922(g)(1) (Count 1), and one count of possessing a firearm after being convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9) (Count 2). (Cr. No. 17-20353, ECF No. 1 at PageID 1–2.) In April 2018, Petitioner pleaded guilty in open court,

---

[1] The Federal Government has custody of Petitioner and is housing him at the United States Penitentiary in Pollock, Louisiana. The Bureau of Prisons has assigned him number 30511-076.

without a plea agreement, to Count 1 of the Indictment, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (*Id.* at ECF No. 30; *see also* ECF No. 31.) And on July 18, 2018, the Court sentenced Petitioner to 57 months imprisonment, followed by three years supervised release. (*Id.* at ECF No. 42; *see* ECF No. 43 at PageID 120–21.) The Government dismissed Count 2 of the indictment. (*See id.* at PageID 119.) And Petitioner did not appeal.

## II.     The § 2255 Motion, Civil Case No. 20-2353

On May 18, 2020, Petitioner moved to vacate the sentence under § 2255 asserting these grounds for relief based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019):

1. Petitioner is actually innocent of violating Section 922(g)(1) as charged in the indictment because the Government failed to prove that Petitioner knew he belonged to the relevant category of persons barred from possessing a firearm (*see* Civ. No. 20-2353, ECF No. 1 at PageID 4);

2. Petitioner's indictment is deficient because it does not charge the "knowingly" provision of 18 U.S.C. § 924(a)(2), the penalty section for violating 18 U.S.C. § 922(g) (*id.* at PageID 5); and

3. Petitioner's plea was not intentionally, knowingly, and voluntarily entered because Petitioner did not receive real notice of the true nature of the charge against him, and neither the defendant, his counsel, nor the Court understood the essential elements of the crime until the *Rehaif* holding (*id.* at PageID 7).

(*See* ECF No. 1-1 at PageID 15–19.)[2] Petitioner contends that the § 2255 Motion is timely filed under *Rehaif* and based on the one-year statute of limitations provided in 28 U.S.C. § 2255(f)(3). (ECF No. 1 at PageID 11.) He requests that the Court vacate his conviction under 18 U.S.C. § 922(g)(1). (*Id.* at PageID 12.)

---

[2] Petitioner did not sign the motion, but he signed and dated the Memorandum on May 7, 2020. (*See* ECF No. 1-1 at PageID 19.)

In its opposition, the Government argues that (1) Petitioner did not timely file his § 2255 Motion; (2) the procedural default doctrine bars the claims; and (3) the indictment was not defective. (ECF No. 5. at PageID 30–36.) Petitioner did not reply.

## **STANDARD OF REVIEW**

Under 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

And "[a] prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation and internal quotation marks omitted).

But a § 2255 motion does not replace a direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976). Instead, "[d]efendants must assert their claims in the ordinary course of trial and direct appeal." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). Yet this rule is not absolute:

> If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what is really being asserted is a violation of due process.

*Id*.

3

In sum, when a Petitioner could have raised constitutional claims on direct appeal (but did not), procedural default will bar those claims unless the defendant shows cause and prejudice sufficient to excuse his failure to raise those issues previously. *El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3d 693, 698–99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors).

Alternatively, a court will review a procedurally defaulted claim if a defendant shows his "actual innocence." *Bousley*, 523 U.S. at 622. "[P]risoners asserting innocence as a gateway to defaulted claims must establish that . . . it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536–37 (2006) (internal quotation marks omitted). And in *Bousley*, the Supreme Court remanded the case to give the inmate an opportunity to show actual innocence. 523 U.S. at 623. That said,

> [i]t is important to note in this regard that "actual innocence" means factual innocence, not mere legal insufficiency. In other words, the Government is not limited to the existing record to rebut any showing that petitioner might make. Rather, on remand, the Government should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy and would not normally have been offered before our decision in *Bailey*.

*Id.* at 623–24 (citation omitted).

Using these standards, the Court will now address the merits of Petitioner's § 2255 motion.

## **ANALYSIS**

To give background on *Rehaif*, the Supreme Court issued its decision on June 21, 2019—after the trial court here sentenced Petitioner. In *Rehaif* the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of

4

persons barred from possessing a firearm."[3] *Rehaif*, 139 S. Ct. at 2200.  The defendant in *Rehaif* violated 18 U.S.C. § 922(g)(5)(A), which prohibits persons who are "illegally or unlawfully in the United States" from possessing firearms.  *Id.* at 2194.  The penalty provision, 18 U.S.C. § 924(a)(2), refers to persons who "knowingly" violate § 922(g).  On appeal, Rehaif argued that the trial judge erred in instructing the jury that he did not need to know that he was in the country unlawfully.  *Rehaif*, 139 S. Ct. at 2195.  The Supreme Court explained that,

> [w]ith some here-irrelevant omissions, § 922(g) makes possession of a firearm or ammunition unlawful when the following elements are satisfied: (1) a status element (in this case, "being an alien ... illegally or unlawfully in the United States"); (2) a possession element (to "possess"); (3) a jurisdictional element ("in or affecting commerce"); and (4) a firearm element (a "firearm or ammunition").

*Id.* at 2195–96.  The word "knowingly" does not apply to the jurisdictional element, but it applies to the remaining elements.  *Id.* at 2196.  And the Supreme Court "express[ed] no view . . . about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue."  *Id.* at 2200.

Unfortunately for Petitioner here, the *Rehaif* decision does not lead to the relief he seeks.  That is because *Rehaif* is a matter of statutory interpretation, not a new rule of constitutional law made retroactive to cases on collateral review.  *See Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020); *Cooper v. United States*, No. 19-3645, 2019 WL 7494402, at *2 (6th Cir. Dec. 12, 2019) (denying certificate of appealability where appellant had not shown that a court could apply *Rehaif* retroactively on collateral review); *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019); *Wallace v. United States*, 458 F. Supp. 3d 834 (M.D. Tenn. 2020) ("Wallace's

---

[3] "*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code." *Matthews v. United States*, No. 19-2091, 2020 WL 2614619, at *2 (6th Cir. Jan. 6, 2020) (quoting *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019)).

claim has no merit as *Rehaif* does not provide him relief in this collateral proceeding"), *appeal filed Wallace v. United States*, No. 20-5764 (6th Cir. July 7, 2020); *see Moore v. United States*, No. 2:19-cv-2752-TLP-tmp, 2019 WL 4394755, at *1–2 (W.D. Tenn. Sept. 12, 2019) (defendant who pleaded guilty and accepted responsibility for his action had no right to collateral review of his conviction under *Rehaif*); *see also Robertson v. United States*, No. 2:19-cv-02791-TLP-tmp, 2020 WL 6852661, at *3 (W.D. Tenn. Nov. 20, 2020) (same). So Petitioner's reliance on *Rehaif* here is misplaced.

## I.     Time-Barred

For starters, the Government argues that Petitioner's motion is untimely. To bring a claim under § 2255, the petitioner must move to vacate his sentence within one year of:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the governmental action prevented the movant from making a motion;

(3)    the date on which the Supreme Court initially recognized the right asserted, if the Court newly recognized that right and made it retroactively applicable to cases on collateral review; or

(4)     the date on which petitioner could have discovered the facts supporting the claim or claims presented through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Government argues that Petitioner's motion is untimely because he filed twenty-two months after the court entered judgment in his case. (ECF No. 5 at PageID 31.) It also claims that *Rehaif* does not support Petitioner's argument that no conviction exists under § 922(g)

without knowledge that the firearm affected interstate commerce. (*Id.* at PageID 30–31.)[4] Thus, the Government argues that Plaintiff's motion does not fall under § 2255(f)(3) to trigger the statute of limitations. (*Id.* at PageID 31.)

All in all, the Court finds that Petitioner did not timely file his motion under 28 U.S.C. § 2255(f)(1). Generally, a conviction becomes final upon conclusion of direct review. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (citing *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002)). Yet when the defendant "does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals," even if he did not file a notice of appeal. *Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (citations omitted).

Here, that period expired on August 1, 2018—fourteen days after the July 18, 2018 judgment. *See* Fed. R. App. P. 4(b)(1). Petitioner had one year, or until August 1, 2019, to file his § 2255 motion. Instead, he moved for relief here more than nine months later on or about May 7, 2020. And so, Petitioner's motion is time-barred based on § 2255(f)(1).

Because *Rehaif* does not involve a constitutional right that applies retroactively to cases on collateral review, the time frame under 28 U.S.C. § 2255(f)(3) does not apply here. Petitioner's § 2255 Motion is time-barred. And he has made no argument for equitable tolling.

## II.     Actual Innocence

Next, Petitioner argues that he is actually innocent of violating § 922(g)(1), because the Government must prove both that he possessed a firearm and that he knew he belonged to the

---

[4] Petitioner argues that *Rehaif* requires that a defendant know the status element, not the jurisdictional element. (*See* ECF No. 1 at PageID 4.) The Government incorrectly states Petitioner's argument. But that mistake does not change the outcome here.

relevant category of persons barred from possessing a firearm.  (ECF No. 1 at PageID.)   He contends that the Government did not prove the status element.  (*Id*.)

"Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying . . . criminal proceeding."  *Herrera v. Collins*, 506 U.S. 390, 400 (1993).  The Supreme Court left open the possibility that a freestanding claim of actual innocence might be appropriate in a death penalty case, *id*. at 417, but courts have not recognized freestanding actual innocence claims in non-capital cases.  *Smith v. Nagy*, 962 F.3d 192, 207 (6th Cir. 2020) ("Our circuit, however, has 'repeatedly indicated that such claims are not cognizable on habeas.'").

This case is not a capital case and *Rehaif* is a statutory interpretation, not a constitutional decision.  Petitioner therefore cannot raise a freestanding claim of actual innocence.  Still, the actual innocence inquiry is relevant to the Government's assertion that the procedural default doctrine bars Petitioner's claims here.  (*See* ECF No. 5 at PageID 31–34.)

Petitioner did not appeal his case or file a § 2255 motion before the *Rehaif* decision.  The Court agrees then that the procedural default doctrine bars his claims in the § 2255 Motion.  First, Petitioner does not argue cause and prejudice to overcome procedural default.  And Petitioner has not established that he is factually innocent of violating § 922(g).  In fact, he has presented no evidence suggesting that he did not know he was a felon when he possessed the firearm leading to his conviction.  (*See id.* at PageID 33.)  Indeed, the record shows that a court had sentenced Petitioner to three years in custody on a prior felony robbery charge and that he served over fourteen months in prison. (*See* Cr. No. 17-20353, ECF No. 39 at PageID 94.).  This shows that he would have known that he was convicted of crime punishable by more than one year.

The Government attached the felony judgment sheet for the robbery conviction that Petitioner signed to show that he was aware of the prior felony conviction. (Civ. No. 20-2353, ECF No. 5 at PageID 33–34; *see* ECF No. 5-1.) If Petitioner had gone to trial here, the court would have allowed the jury to infer Petitioner's knowledge of his prohibited status from proof of his felony conviction. *See United States v. Conley*, 802 F. App'x 919, 924 (6th Cir. 2020). In sum, Petitioner has failed to demonstrate actual innocence to overcome the procedural default.

### III.     The Indictment

Petitioner asserts that the indictment does not charge the "knowingly" provision of 18 U.S.C. § 924(a)(2), which identifies the penalty for violating 18 U.S.C. § 922(g), so it is deficient. (ECF No. 1 at PageID 5; *see* ECF No. 1-1 at PageID 17.) Petitioner argues that the indictment is deficient when analyzed under *Rehaif*. He argues the Government must assert that he knew he possessed a firearm and also that he knew he had the relevant status, as a felon, when he possessed it. (ECF No. 1-1 at PageID 16–17.)

But defects in the indictment are not jurisdictional, because they do not deprive courts of the power to adjudicate a criminal case. *United States v. Cotton*, 535 U.S. 625, 630 (2002). In *United States v. Hobbs*, the Sixth Circuit addressed this same argument and rejected it. That court held that the failure to allege the status element of § 922(g) in the indictment did not deprive the trial court of subject matter jurisdiction. 953 F.3d 853, 856–57 (6th Cir. 2020); *United States v. Watson*, 820 F. App'x 397, 399 (6th Cir. 2020); *see also United States v. Lee*, No. 19-2054, 2020 WL 6441164, at *4 (6th Cir. Nov. 3, 2020) ("[A] pre-*Rehaif* indictment that that does not contain the knowledge-of-status element does not necessarily fail to properly charge a violation of 18 U.S.C. § 922(g)."). The Sixth Circuit has found that, where the indictment fails to set forth the knowledge requirement under *Rehaif*, the omission does not

9

seriously affect the fairness or integrity of the judicial proceedings given admissions, stipulations, and other evidence that someone committed a crime. *See United States v. Raymore*, 965 F.3d 475, 485–87 (6th Cir. 2020).

Here, as stated above, Petitioner does not contest that he committed a crime, only that the government improperly worded the indictment. And the record here shows that Petitioner did, in fact, commit the crime charged. Petitioner's claim of a defective indictment does not provide relief.

## IV.     The Plea

Petitioner argues that he did not intentionally, knowingly, and voluntarily enter into a plea, because he did not receive real notice of the true nature of the charges. (ECF No. 1 at PageID 7.) Petitioner does not argue or show that he would have gone to trial if the government had to prove that he knew of his status as a felon. *See Watson*, 820 F. App'x at 400. In *Hobbs*, the Sixth Circuit held that where "no contemporaneous evidence suggests that he would have rejected the plea deal had the indictment contained the knowledge-of-status element," the defendant has not shown that there is a reasonable probability that he would not have entered his plea had his lawyer or the court told him about the § 922(g) knowledge-of-status requirement. 953 F.3d at 857–58. Petitioner presents no such evidence or argument. Even if relief were available on collateral review, Petitioner does not show any merit to his claim here.

## CONCLUSION

Petitioner's motion is time-barred. The procedural default doctrine bars his claims and his claims lack merit because *Rehaif* is an opinion based on statutory interpretation that does not justify relief on collateral review. And the record supports a conclusion that Petitioner was aware of his status as a convicted felon. And so, he has no right to relief on his claims. The

motion and the files and record here "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  The Court finds that Petitioner's conviction and sentence are valid.  The Court **DENIES** this motion.  And the Court will enter judgment for the United States.

## APPELLATE ISSUES

Under 28 U.S.C. § 2253(c)(1), the district court must evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).  No § 2255 petitioner may appeal without this certificate.

The COA must reflect the specific issue or issues that satisfy the required showing.  28 U.S.C. § 2253(c)(2), (3).  A petitioner makes a "substantial showing" when the petitioner shows that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted); *see Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).  A COA does not require a showing that the appeal will succeed.  *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011).  And Courts should not issue a COA as a matter of course.  *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337).

Here, for the reasons stated above, the § 2255 Motion is untimely and without merit, and therefore Petitioner cannot present a question of some substance about which reasonable jurists could differ.  The Court therefore **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)–(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status under Fed. R. App. P. 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first move in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). Even so, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must move to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a) (4)–(5).

Here, for the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith. The Court therefore **CERTIFIES**, under Fed. R. App. P. 24(a), that any appeal here would not be taken in good faith, and the Court **DENIES** leave to appeal in forma pauperis. If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee (*see* 28 U.S.C. §§ 1913, 1917) or move to proceed in forma pauperis with a supporting affidavit in the Sixth Circuit within 30 days. *See* Fed. R. App. P. 24(a) (4)–(5).

**SO ORDERED**, this 7th day of May, 2021.

   s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE